IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

01 JUL 19 PM 4: 27

PROGRESSIVE   HOME   INSURANCE   )
COMPANY, etc.,                  )
                                )
      Plaintiff,                )        CIVIL ACTION NO.
                                )
v.                              )        01-AR-1324-M
                                )
MICHAEL ANDERSON, et al.,       )
                                )
      Defendants.               )

**ENTERED**

**JUL 19 2001**

### MEMORANDUM OPINION

### Background

On May 4, 2001, a judgment for compensatory and punitive damages was entered by the Circuit Court of Marshall County, Alabama in favor of Michaela Hundley and Kimberley Hundley, who had sued by and through their mother and father and next friends, Tamara Hundley and Kenneth Hundley, (collectively, "the Hundleys"), ABC Pest Control, Inc. ("ABC"). On May 22, 2001, Progressive Home Insurance Company ("Progressive"), the present incarnation of the entity which had insured Michael Anderson ("Anderson") d/b/a ABC during the time of the Hundleys' alleged injuries, filed a complaint for declaratory relief in this court. Naming as defendants all of the parties in the underlying action, namely Anderson (individually and d/b/a ABC) and the Hundleys, Progressive

1



brought the instant action pursuant to the Declaratory Judgment Act, seeking a declaration that it has no duty to indemnify as to the damages awarded the Hundleys.  On June 8, 2001, the Hundleys filed a second action in the Circuit Court of Marshall County as judgment creditors under Ala. Code § 27-23-2 (1975) to obtain the amount of their May 4th judgment from Anderson, ABC, and Progressive.[1]  Before or after the Hundleys' filing of the § 27-23-2 action, but, in any event, apparently in due time, ABC filed in the underlying action a motion for a new trial, or, in the alternative, a motion for a judgment as a matter of law or remittitur.  That motion is pending.  Also pending, in the judgment creditor action, is Progressive's motion to dismiss on grounds discussed below.

In the instant action, Progressive and the Hundleys came to be heard at this court's regular monthly motion docket on the

---

[1]Section 27-23-2 reads as follows:

Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Hundleys' motion to dismiss.  The Hundleys argue that the insurance coverage issues Progressive seeks to resolve *via* declaratory relief in this court will be disposed of in their pending § 27-23-2 action.  Citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Co*, 460 U.S. 1 (1983), the Hundleys urge the court to abstain from exercising jurisdiction over Progressive's suit and dismiss it, thus allowing resolution of the indemnity issues in the § 27-23-2 action and avoiding duplication of what can be resolved in a pending state proceeding.  Finally, they contend that the decision on whether to dismiss a declaratory judgment action on abstention grounds is a matter of the court's discretion.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Progressive opposes the Hundleys' motion to dismiss chiefly by arguing that the dismissal of the § 27-23-2 action, on any one of three grounds, is merited and imminent.  Essentially, then, Progressive's arguments are doing double duty: operating as grounds for dismissal of the Hundleys' § 27-23-2 action in the state courthouse in Marshall County, and moonlighting as arguments against dismissal of its declaratory action in the federal courthouse in Birmingham.  Progressive's first and second arguments

3

are similar in nature.  It contends that because ABC has moved for a new trial, alternatively judgment as a matter of law or remittitur, in the underlying action, the § 27-23-2 action has been prematurely brought under the terms of both Ala. Code § 6-5-440 (1975), which forbids the simultaneous prosecution of the same cause against the same party,[2] and § 27-23-2 itself, which requires entry of a final judgment against an insured before the injured parties can proceed under that section.  Third, Progressive contends that a threshold matter to be addressed in a suit brought under § 27-23-2 is whether the damages sought by the Hundleys were insured against by ABC.  Because language in ABC's insurance policy allegedly excluded coverage for the Hundleys' alleged injuries, Progressive argues, this prerequisite has not been met, requiring dismissal.  Closing the loop on its argument in opposition to the Hundleys' motion to dismiss, Progressive asserts that, without the pendency of the recovery suit under § 27-23-2, the dismissal of which Progressive hopefully anticipates, the exceptional

---

[2] Section 6-5-440 reads as follows:

No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party.  In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

circumstances required for abstention under *Colorado River* and *Moses H. Cone* are not present. Finally, Progressive says that if this court is inclined to defer to the state court, the court should take the less drastic step of staying this action pending resolution by the Marshall County court of Progressive's motion to dismiss, rather than dismissing this action altogether.

## **Discussion**

As an initial matter, the court finds that the "exceptional circumstances" test, as announced in *Colorado River* and *Moses H. Cone*, is inapplicable. In *Wilton*, the Court was asked to review a district court's stay of a federal declaratory judgment action pending resolution of a later-filed state court suit. *See id.*, 515 U.S. at 279. After noting that the federal actions in the *Colorado River* and *Moses H. Cone* were not declaratory judgment actions, the *Wilton* Court observed that the Declaratory Judgment Act's "textual commitment to discretion, and the breadth of leeway we have always understood it to suggest, distinguish the declaratory judgment context from other areas of the law in which concepts of discretion surface. *Id.*, at 286-87. Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate

5

claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.*, at 288.   In contrast to the "exceptional circumstances" test, the Court established very broad guidelines for a district court considering the propriety of declaratory relief when the ventilation of the same state law issues are underway in state court.   In these situations, a district court should consider "facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution." *Id.*, at 289.

In the case at hand, the propriety of declaratory relief is intertwined with Progressive's three arguments for dismissal of the Hundleys' § 27-23-2 action, which are also determinative arguments for the maintenance of the instant action.   It cannot be denied that the cause of efficiency is served and the danger of contradictory rulings avoided by having only one court decide the merits of Progressive's three arguments.  Because a decision on the merits of each of them requires interpretation and application of Alabama statutory law, the principle of comity cuts in favor of that one court being an Alabama court.  Furthermore, because each argument depends, in one way or another, on knowledge of the underlying action, all three can best be handled by the judge who

6

presided in the underlying action.  Given the fact that the judge who is assigned to the § 27-23-2 action and Progressive's responding motion to dismiss, is the judge who presided over the underlying case, it is eminently practical to leave the decision to him.  This is the perfect case for deferring to the state forum which, under principles of federalism, is deemed more than adequate.  Therefore, as an initial matter, this court finds that the decision of whether any or all of Progressive's arguments for dismissal of the § 27-23-2 action are meritorious should be left to the Circuit Court of Marshall County.

While it is true that this finding recommends merely staying the instant action pending a ruling by the state court on Progressive's motion to dismiss, further consideration of the circumstances and the nature of Progressive's arguments leads this court to conclude that, regardless of the state court's ruling, which could be appealed, this court should decline jurisdiction over Progressive's complaint for declaratory relief.  If Progressive's arguments are unavailing before the state court, the Hundleys' § 27-23-2 action will go forward, and there will be two parallel proceedings addressing the same insurance coverage issues under Alabama law.  To avoid duplicative litigation and possible contradictory outcomes, though, only one forum should proceed.

Because the substantive law would be that of Alabama, under the principle of comity, this court would be inclined to defer to the state court.  Accordingly, this court would exercise its discretion under the Declaratory Judgment Act to abstain and dismiss the declaratory judgment action without prejudice.

The prospect of Progressive's arguments persuading the state court to stop the § 27-23-2 action in its tracks also counsels for abstention and dismissal without prejudice.  The apparent contradiction of reaching the same result in this court upon opposite rulings in the state court disappears when one considers the unavoidable implications of the success of any of Progressive's three arguments.  If Progressive convinces the state court that the Hundleys cannot proceed under § 27-23-2 because their damages, adjudicated to have been caused by ABC, were not insured under ABC's policy with Progressive, there is no duty to indemnify. Consequently, the instant action would no longer present a live "case or controversy" under Article III of the Constitution, as is required for this court to have subject matter jurisdiction.

If the state court finds persuasive either of Progressive's other two arguments, that finding would also inescapably raise concerns about this court's jurisdiction.  These other two arguments are both based on the contention that the underlying

8

action is an unresolved matter, such that it is still being "prosecuted" by the Hundleys under § 6-5-440 or is without a "final" judgment under § 27-23-2.   Frankly, this court is unfamiliar with the concept that a final judgment is not a final judgment while a post-final-judgment motion is pending.   The success of either of Progressive's arguments would necessarily have implications on this court's jurisdiction because, for a federal court hearing a declaratory judgment action on an insurer's obligation to indemnify its insured under Alabama law, that issue "is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Allstate Indem. Co. v. Lewis*, 985 F.Supp. 1341, 1349 (M.D.Ala. 1997) (internal quotation marks and citation omitted).   Put another way, if the pendency of ABC's motion in the underlying action is enough to find a violation of § 6-5-440  or of § 27-23-2, as Progressive contends, it is also sufficient to cast doubt on this court's jurisdiction over Progressive's declaratory action.   If Progressive's contention is meritorious, ABC could still be found not liable, thus mooting the indemnification question. *See Lewis*, at 1349.  Moreover, even if the finding of ABC's liability stands, the grounds or nature of the judgment against ABC could change in such a way as to affect the

9

contours of the indemnification issue before this court.  The court does not point out these possibilities in order to say that the state court's acceptance of Progressive's § 6-5-440 and § 27-23-2 grounds for dismissal would undoubtedly force this court to dismiss Progressive's own action on ripeness grounds.  The jurisdictional concerns that would be raised by success of those two arguments are not as definite as the jurisdictional concerns that would follow from the success of Progressive's coverage-based argument.  It is to say, however, that the court, here and now, recognizes that a finding by the state court that either the § 6-5-440 or § 27-23-2 argument is meritorious would undoubtedly create a ripeness issue in the instant action that this court would then have to address. This future eventuality, practically speaking, throws a shadow even now on this declaratory judgment action.  Therefore, the potential for Progressive to succeed in obtaining a dismissal of the Hundleys' § 27-23-2 action on any of its three proffered grounds does not counsel retaining jurisdiction over this action.


## Conclusion

The court concludes that the circumstances surrounding the instant action, particularly how it relates to the § 27-23-2 action and the underlying action as they now stand and as they may proceed

in state court, reflect negatively on the current fitness of the case for resolution and undercut the usefulness of further entertaining this action. Accordingly, the court will grant the Hundleys' motion to dismiss by abstaining and dismissing the action without prejudice.

A separate and appropriate order will be entered.

DONE this 19ᵗʰ day of July, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

11